﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/29/19

DOCKET NO. 190528-9266
DATE: August 29, 2019

ORDER

An initial compensable rating for a bilateral hearing loss disability is denied.

An initial rating in excess of 10 percent for tinnitus is denied.

FINDINGS OF FACT

1. The Veteran's hearing acuity demonstrated no more than Level I in his right ear and Level I in his left ear.

2. The Veteran is in receipt of a 10 percent rating, the schedular maximum for tinnitus, and the rating schedule is adequate to evaluate the disability.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an initial compensable rating for a bilateral hearing loss disability have not been met or approximated. 38 U.S.C. §§ 1155, 5103, 5107; 38 C.F.R. §§ 3.159, 4.1-4.7, 4.85, Diagnostic Code (DC) 6100.

2. The criteria for an initial increased rating for tinnitus, evaluated as 10 percent disabling, have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.2, 4.7, 4.10, 4.21, 4.87, DC 6260.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from March 1964 to April 1968.

On August 23, 2017, the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA) was effective. This law creates a new framework for Veteran's dissatisfied with VA's decision on their claim to seek review. The Veteran chose to participate in VA's test program, RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The rating decision on appeal was issued February 2019. In May 2019, the Veteran appealed the February 2019 RO decision directly to the Board, electing the “direct review” process. Based on the Veteran’s choice to pursue a direct review of his appeal, the Board will decide the appeal “based on the evidence of record at the time of the prior decision” and no additionally submitted evidence may be considered.

Increased Ratings

Disability ratings are determined by applying the criteria set forth in the VA's Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment. 38 C.F.R. § 4.10.

In determining the severity of a disability, the Board is required to consider the potential application of various other provisions of the regulations governing VA benefits, whether or not they were raised by the Veteran, as well as the entire history of the Veteran's disability. 38 C.F.R. §§ 4.1, 4.2; Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991).

If the disability more closely approximates the criteria for the higher of two ratings, the higher rating will be assigned; otherwise, the lower rating is assigned. 38 C.F.R. § 4.7. It is not expected that all cases will show all the findings specified; however, findings sufficiently characteristic to identify the disease and the disability therefrom and coordination of rating with impairment of function will be expected in all instances. 38 C.F.R. § 4.21.

In deciding this appeal, the Board has considered whether separate ratings for different periods of time are warranted, a practice of assigning ratings referred to as "staging the ratings." See Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

1. Entitlement to an initial compensable rating for a bilateral hearing loss disability is denied. 

The Veteran seeks an initial increased rating for his bilateral hearing loss disability. He contends that his bilateral hearing loss disability is more severe than that contemplated by the currently assigned noncompensable rating.

Relevant laws and regulations stipulate that evaluations of defective hearing range from noncompensable to 100 percent based on the organic impairment of hearing acuity. 38 C.F.R. § 4.85, DC (2018) Hearing impairment is measured by the results of controlled speech discrimination tests together with the average hearing threshold levels (which in turn, are measured by pure tone audiometric tests in the frequencies of 1000, 2000, 3000 and 4000 cycles per second (Hertz)). See Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992) (defective hearing is rated on the basis of a mere mechanical application of the rating criteria). The provisions of 38 C.F.R. § 4.85 establish eleven auditory acuity levels from I to XI. Tables VI and VII as set forth in section 4.85(h) are used to calculate the rating to be assigned. 

In guidance for cases involving exceptional patterns of hearing impairment, the schedular criteria stipulates that, when the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000 and 4000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. 38 C.F.R. § 4.86(a) (2018). Each ear is evaluated separately. Additionally, when the pure tone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. 38 C.F.R. § 4.86(b) (2018). The numeral will then be elevated to the next higher Roman numeral. Id. Each ear will be evaluated separately.

The Veteran has not asserted that his bilateral hearing loss disability has worsened since he was last examined by VA in 2014. See 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4); see also Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994). Accordingly, a remand is not warranted to afford the Veteran with a new VA examination based merely on passage of time. Palczewski v. Nicholson, 21 Vet. App. 174 (2007).

Applying the method for evaluating hearing loss to the results of the Veteran's November 2014 audiological evaluation shows that the Veteran did not meet the exceptional pattern of hearing impairment under 38 C.F.R. § 4.86. Moreover, the examiner did not certify that the use of the speech discrimination test was not appropriate. Therefore, the numerical hearing impairment is determined only by Table VI. 

The November 2014 VA audiology examination report shows that the Veteran's hearing acuity demonstrated pure tone threshold average of 40 with speech recognition of 92 percent in the left ear and pure tone threshold average of 49 with speech recognition of 92 percent in the right ear. Based on these results, the Veteran's hearing acuity is assigned to Level I hearing for his right ear and Level I in his left ear according to Table VI. Combining Level I hearing for the right ear and Level I hearing for the left ear according to Table VII reveals a noncompensable rating. 38 C.F.R. § 4.85, DC 6100.

In view of the above, an initial compensable rating for bilateral hearing loss is not warranted. See 38 C.F.R. § 4.85, DC 6100. 

The Board has considered the Veteran's statements regarding the functional impact of his hearing loss on his daily life, including his difficulty understanding what others are saying. However, the Veteran's functional impairment due to hearing loss is a disability picture that is specifically and adequately contemplated by the current schedular rating criteria. See Doucette v. Shulkin, 28 Vet. App. 366, 369-70 (2017) (finding that the rating criteria for hearing loss contemplate the functional effects of decreased hearing and difficulty understanding speech in an everyday work environment, as these are the effects that VA's audiometric tests are designed to measure).

For these reasons, an initial compensable rating for bilateral hearing loss must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the doubt doctrine; however, given the mechanical nature of deriving schedular ratings for hearing loss, and that the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 4.3.

2. Entitlement to an initial rating in excess of 10 percent for tinnitus is denied. 

The Veteran contends that his tinnitus is more disabling than indicated by his current 10 percent disability rating.

At the November 2014 VA examination, the Veteran reported continuous tinnitus. In an August 2018 Board hearing, he reported that his tinnitus makes it difficult to sleep.

Under 38 C.F.R. § 4.87, Diagnostic Code 6260, recurrent tinnitus warrants a maximum 10 percent rating. See also Smith v. Nicholson, 451 F.3d 1344 (Fed. Cir. 2006) (holding that 38 C.F.R. § 4.25(b) and Diagnostic Code 6260 limit a veteran to a single disability for tinnitus, regardless of whether the tinnitus is unilateral or bilateral). The Veteran's service-connected tinnitus has been assigned a 10 percent rating, which is the maximum schedular rating available from the effective date of the award of service connection.

The Board has considered whether referral for an extraschedular rating under 38 C.F.R. § 3.321(b)(1) is warranted in this case. In determining whether a referral for extraschedular evaluation is warranted, the Board must first consider whether there is an exceptional or unusual disability picture, which occurs where the diagnostic criteria do not reasonably describe or contemplate the severity and symptomatology of a Veteran's service-connected disability. See Thun v. Peake, 22 Vet. App. 111, 115 (2008). The Board finds that the Veteran's symptoms do not constitute an exceptional or unusual disability picture.

The Veteran has symptoms of tinnitus, a ringing sound in his ears with no external cause, impacting the Veteran's ordinary conditions of daily life. As for functional impairment, he reported that his tinnitus makes it difficult to sleep. The diagnostic criteria specifically contemplate this symptomatology, and the schedular criteria compensates for functional impairment that results from this symptomatology. The Veteran's reported impairments due to his service-connected disability are not exceptional or unusual functional limitations resulting from tinnitus, and are, thus, reasonably compensated by the 10 percent rating. 

The Veteran's tinnitus symptomatology, and the resulting functional impairment, are contemplated by the ratings schedule. For the reasons stated above, the Board declines to refer this case for extraschedular consideration.

In conclusion, the preponderance of the evidence is against the Veteran's claim for an initial rating in excess of 10 percent for tinnitus, and the claim must be denied. There is no reasonable doubt to be resolved as to this issue. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. T. Emmart, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.